ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEXTRONICS DA AMAZÔNIA LTDA., FLEXTRONICS TECNOLOGIA DO BRASIL LTD., AND FLEXTRONICS INDUSTRIES SINGAPORE LTD.,

                    Plaintiffs,

- against -

CRW PLASTICS USA, INC.,

                    Defendant.

21 Civ. 3863 (LLS)

OPINION & ORDER

**DEFAULT JUDGMENT**

Plaintiffs move for entry of default judgment against defendant CRW Plastics USA under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2. This action arises out of a guaranty agreement between the parties. Plaintiffs allege that defendant breached its obligation to guarantee the obligations of nonparty purchasers as set forth in the Sale of Asset and Lease Agreements. For the following reasons, the motion for default judgment is denied.

**FACTS**

The following facts are drawn from plaintiffs' Complaint and are accepted as true for purposes of this motion.[1]

Plaintiffs are each companies engaged in the plastic

---

[1] A defendant who defaults admits to all "well-pleaded" factual allegations contained in the complaint. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011).

- 1 -

molding business in Brazil. Dkt. No. 1 Ex. A at 2. Plaintiff Flextronics Da Amazônia Ltda. ("Masa") is a limited liability company, organized under the laws of Brazil, with its principal place of business in Brazil. Dkt. No. 1 ¶ 2. Plaintiff Flextronics Tecnologia Do Brasil Ltd. is a company incorporated in the Cayman Islands, with its principal place of business there. Id. at ¶ 3. Plaintiff Flextronics Industries Singapore Ltd. is a company incorporated in and has its principal place of business in Singapore. Id. at ¶ 4.

Plaintiffs entered in an Asset Purchase and Sale Agreement and Lease Agreement with nonparties 4C Force Holding A.S. and MC Industria de Plasticos da Amazonia Ltda. Id. at ¶ 11. The Asset Purchase and Sale Agreement governed the sale of assets relating to plaintiffs' manufacturing facility in Brazil. Dkt. No. 1 Ex. A. The Lease Agreement leased property to the nonparty purchasers to allow them to operate the manufacturing facility. Dkt. No. 1 Ex. B ¶¶ 1.1, 1.3.

Defendant CRW Plastics USA, Inc., is a company incorporated in Michigan, with its principal place of business in Detroit, Michigan. Dkt. No. 1 ¶ 5. Defendant owns the nonparty purchasers. Id. at ¶ 10. Defendant entered into a Parent Guaranty contract with plaintiffs to absolutely and unconditionally guarantee the payment of indemnification obligations of the purchasers owed to plaintiffs under the

Purchase Agreement. Dkt. No. 1 Ex. C at 14-15. The Parent Guaranty Agreement also stated:

> THIS GUARANTY SHALL BE IN ALL RESPECTS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS. ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY MAY BE BROUGHT IN ANY COURT LOCATED IN NEW YORK CITY, STATE OF NEW YORK, UNITED STATES OF AMERICA, AND EACH OF PARENT AND THE SELLERS IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF EACH SUCH COURT IN ANY SUCH PROCEEDING, WAIVES ANY OBJECTION IT MAY HAVE TO VENUE OR TO CONVENIENCE OF FORUM, AGREES THAT ALL RELATED CLAIMS SHALL BE HEARD AND DETERMINED ONLY IN ANY SUCH COURT AND AGREES NOT TO BRING ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY IN ANY OTHER COURT.

Id. at ¶ 10.

The nonparty purchasers failed to make payments under the Lease Agreement. Dkt. No. 1 ¶¶ 31, 36. Plaintiffs provided defendant with notice of the purchasers' failures to perform their obligations and made a demand for payment of the amounts then due. Id. at ¶ 59. Defendant did not make any payments. Id. at ¶ 60.

Plaintiffs filed a Complaint against defendant on April 30, 2021, asserting claims for breach of contract, attorneys' fees, and costs of recovery pursuant to the guaranty; reformation of the guaranty to reflect the parties' true agreement; and a judgment declaring that Plaintiffs are entitled to recover all such amounts from CRW USA.

Defendant was duly served with process on May 6, 2021, and has acknowledged its awareness of this litigation, but has not

answered or otherwise filed a response to the Complaint. Accordingly, plaintiffs move for entry of default judgment.

### DISCUSSION

When, as here, a party has failed to defend or otherwise appear, the district court has an affirmative duty to *sua sponte* review its jurisdiction over the parties to determine whether it has the power to enter the default judgment. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010); see also In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986); System Pipe & Supply, Inc. v. M/ V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005).

A court has personal jurisdiction over the parties when the exercise of jurisdiction is appropriate under the relevant state law, and it comports with due process. Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963). A district court sitting in diversity applies the law of the state in which the court is located, here New York. Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir. 2010). Under New York law, "a court may exercise personal jurisdiction over any non-domiciliary" that "transacts any business within the state or contracts anywhere to supply

goods or services in the state."[2] N.Y. C.P.L.R. § 302(a). So, before exercising its power over a party, a court must determine "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." <u>Licci ex rel. Licci v. Lebanese Canadian Bank, SAL</u>, 673 F.3d 50, 60 (2d Cir. 2012).

To determine whether a defendant has transacted business in New York, Courts consider:

   (i)   whether the defendant has an on-going contractual relationship with a New York corporation;
   (ii)  whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;
   (iii) what the choice-of-law clause is in any such contract;
   (iv)  and whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

<u>Sunward Elecs., Inc. v. McDonald</u>, 362 F.3d 17, 22 (2d Cir. 2004). No one factor is determinative as the "ultimate determination is based on the totality of the circumstances." <u>Id</u>.

The Court does not have personal jurisdiction over defendant, a corporation organized under the laws of Michigan, with its principal place of business in Detroit, Michigan. There

---

[2] New York law also allows for the exercise of personal jurisdiction over a non-domiciliary who "owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a). The complaint makes no allegation that defendant has any property connection to New York. Personal jurisdiction over defendant thus cannot be established on these grounds.

are no allegations in the Complaint and no arguments in plaintiffs' Motion for Default Judgment that defendant has an on-going contractual relationship with a New York corporation, that any of the Transaction Agreements were negotiated or executed in New York, that defendant ever visited New York for the purpose of meeting with plaintiffs regarding the Transactions Agreements, or that the Agreements require defendants to send notices or payments into New York.

Rather, the contract was executed between foreign parties. Plaintiffs are domiciled in Brazil, the Cayman Islands, and Singapore, and the non-party purchasers are domiciled in Brazil and Slovakia. Dkt. No. 1 Ex. C. at 14. The contract was for the sale of assets relating to a manufacturing facility in Brazil. The contract directed payments to be sent to branch 1306 of Bank of America Merrill Lynch Banco Multiplo S.A., located in Brazil, Dkt. No. 1 Ex. B ¶ 3.1, and notices for defendant and purchasers to respectively be sent to Michigan and Adrianopolis, Brazil, Dkt. No. 1 Ex. C. ¶ 3 & Ex. A ¶ 11.3. The underlying Purchase Agreement calls for the contract to be construed in accordance with the laws of Brazil. Dkt. No. 1. Ex. A ¶ 11.12. Further, there is no allegation that the non-party purchasers 4C Force Holding A.S. and MC Industria de Plasticos da Amazonia Ltda, which are allegedly owned by defendant, have any connection to New York.

The choice of law clause in the Parent Guaranty Agreement states:

> THIS GUARANTY SHALL BE IN ALL RESPECTS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS.

Dkt. No. 1 Ex. C ¶ 10.

However, "a choice of law clause alone is not dispositive." Cyberscan Tech., Inc. v. Sema Ltd., No. 06 CIV. 526, 2006 WL 3690651, at *3 (S.D.N.Y. Dec. 13, 2006) (citation and internal quotations omitted). "In this case, where the jurisdictional contacts fall far short of the purposeful availment requirement, the choice of law clause simply does carry enough weight for plaintiff to meet its burden." Premier Lending Servs., Inc. v. J.L.J. Assocs., 924 F. Supp. 13, 17 (S.D.N.Y. 1996).

Alternatively, "[p]arties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006). A forum selection clause is presumptively valid and enforceable if (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims. Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). "A mandatory forum selection

clause grants exclusive jurisdiction to a selected forum, while a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum." Macsteel Int'l USA Corp. v. M/V Larch Arrow, 354 F. App'x 537, 539 (2d Cir. 2009).

"For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language." Id. In other words, a forum selection clause is mandatory "when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." Id. at 386. Additionally, if the forum selection clause identifies a specific court in which the dispute is to be resolved, the clause is more likely to be considered mandatory. Wells Fargo Century, Inc. v. Brown, 475 F. Supp. 2d 368, 371 (S.D.N.Y. 2007).

Here, the forum selection clause in the Parent Guaranty Agreement states:

> ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY MAY BE BROUGHT IN ANY COURT LOCATED IN NEW YORK CITY, STATE OF NEW YORK, UNITED STATES OF AMERICA, AND EACH OF PARENT AND THE SELLERS IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF EACH SUCH COURT IN ANY SUCH PROCEEDING, WAIVES ANY OBJECTION IT MAY HAVE TO VENUE OR TO CONVENIENCE OF FORUM, AGREES THAT ALL RELATED CLAIMS SHALL BE HEARD AND DETERMINED ONLY IN ANY SUCH COURT AND AGREES NOT TO BRING ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY IN ANY OTHER COURT.

Dkt. No. 1 Ex. C ¶ 10.

Despite the language of exclusivity, this clause is "permissive" because it hangs on the governing words "may be." The phrase "may be" does not carry with it mandatory force, especially when it is not used in reference to a particular location. See Phillips, 494 F.3d at 383 (distinguishing the "mandatory force of the words 'are to be'" from more permissive language where parties agree "to certain fora in which their disputes 'may' be brought"); Macsteel Int'l USA Corp., 354 F. App'x at 540 (same). The clause does not even mention federal courts, let alone this federal Court. It provides New York as an alternative to Asset Purchase and Sale Agreement, which calls for all disputes to be arbitrated in Brazil, where the transactions were conducted.

## CONCLUSION

The New York Statute does not grant long-arm jurisdiction over this case, and the Federal Rules of Civil Procedure, 28 U.S.C. § 1391(c)(2) provides that "for all venue purposes" venue for a suit against the corporate defendant, CRW Plastics USA, INC., lies only in the judicial district in which it is subject to the court's personal jurisdiction, which is Detroit.

Plaintiffs' Motion for Default Judgment is denied and the complaint is dismissed without prejudice to renewal in the U.S. District Court in Detroit, Michigan.

The Clerk of the Court is directed to close the case.

So Ordered.

Dated:  New York, New York
        ~~September~~ ___, 2022
        October 3, 2022

                                        _____
                                        Louis L. Stanton
                                        LOUIS L. STANTON
                                        U.S.D.J.